**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| Lighthouse Immersive Inc., | Case No. 23-11021 (LSS) |
| Debtor in a Foreign Proceeding. | Joint Administration Requested |
| In re | Chapter 15 |
| Lighthouse Immersive USA Inc., | Case No. 23-11022 (LSS) |
| Debtor in a Foreign Proceeding. | Joint Administration Requested |

**MOTION OF THE FOREIGN REPRESENTATIVE**
**FOR JOINT ADMINISTRATION OF CHAPTER 15 CASES AND RELATED RELIEF**

Lighthouse Immersive Inc., solely in its capacity as authorized foreign representative of Lighthouse Immersive Inc. ("Lighthouse CA") and Lighthouse Immersive USA Inc. ("Lighthouse USA," and, with Lighthouse CA, the "Debtors"), and not in its personal or corporate capacity, hereby moves (the "Motion") for entry of an order, substantially in the form attached as **Exhibit A**, (i) directing the joint administration of these cases for procedural purposes only pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); (ii) authorizing the filing of a consolidated list pursuant to Bankruptcy Rule 1007(a)(4); and (iii) granting related relief.

In support of this Motion, the Foreign Representative incorporates by reference the contemporaneously filed *Declaration of Corey Ross in Support of (I) Chapter 15 Petitions for Recognition of Foreign Proceeding, (II) Motion of the Foreign Representative for Entry of*

*Provisional and Final Relief in Aid of Foreign Proceeding, and (III) Certain Related Relief* (the "Ross Declaration") and further respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. § 157(b)(2)(P).

2.      The Foreign Representative, solely in its capacity as authorized foreign representative, and not in its personal or corporate capacity, consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      Venue in this district is proper under 28 U.S.C. §§ 1410(1) and (3).

## BACKGROUND

4.      On or about July 27, 2023, the Debtors commenced proceedings (the "Canadian Proceedings") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA").  On the same date, the Canadian Court entered the Initial Order, which, among other things, appointed the Foreign Representative as of the Debtors.

5.      On the date hereof, the Foreign Representative filed petitions under chapter 15 of the Bankruptcy Code for recognition of the Canadian Proceeding, thereby commencing the Debtors' chapter 15 cases.

6.      Additional information concerning the Debtors, the Canadian Proceeding, and these chapter 15 cases is found in the Ross Declaration.

**RELIEF REQUESTED**

7.      The Foreign Representative seeks entry of an order substantially in the form attached as **Exhibit A** directing joint administration of the Debtors' chapter 15 cases for procedural purposes only.

8.      The Foreign Representative also requests that the caption of the Debtors' chapter 15 cases be modified to reflect joint administration of the chapter 15 cases as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| Lighthouse Immersive Inc., *et al.*, | Case No. 23-11021 (LSS) |
| Debtors in a Foreign Proceeding.[1] | Jointly Administered |

---

[1]      The Debtors and the last four digits of its U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Lighthouse Immersive Inc. (9411) (Ontario Corporation No.) and Lighthouse Immersive USA Inc. (2401) (FEIN).  The Debtors' mailing address is 640 Briar Hill Avenue, Toronto, Ontario, Canada, M5N 1N2.

9.      The Foreign Representative requests that the Court find that the proposed caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 1005.

10.      The Foreign Representative also seeks the Court's direction that the following notation be entered on the docket of the chapter 15 case of Lighthouse Immersive Inc., to reflect the joint administration of these cases:

An Order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter 15 cases of Lighthouse Immersive Inc. and Lighthouse

Immersive USA Inc.  The docket in Case No. 23-11021 (LSS) should be consulted for all matters affecting this case.

11.    Further, the Foreign Representative requests that the Court authorize the Foreign Representative to file and utilize a combined list under Bankruptcy Rule 1007(a)(4) for these jointly-administered chapter 15 cases and that combined notices may be sent to the Debtors' creditors and other parties in interest where appropriate.

**BASIS FOR RELIEF REQUESTED**

12.    Bankruptcy Rule 1015(b) provides that if two or more petitions for relief are pending in the same court by or against a debtor and its affiliate, the court may order joint administration of the cases.  The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code, as each of the Debtors are under 100% common ownership and control.

13.    Additionally, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted and will ease the administrative burden for the Court and the parties.

14.    Entry of an order directing joint administration of the Debtors' chapter 15 cases will avoid duplicative notices, applications and orders, thereby saving the Foreign Representative and parties in interest considerable time and expense, as well as ease the administrative burden on the Court and the parties.  The rights of creditors will not be adversely affected because this Motion requests only administrative consolidation of the chapter 15 cases. By aggregating all papers related to both Debtors under the same case caption and docket, creditors and parties in interest will be able to access and review relevant information concerning

the Debtors in one place, and will thereby be better able to keep apprised of the matters before this Court.

15.    Additionally, filing a consolidated list under Bankruptcy Rule 1007(a)(4) is appropriate in these cases.  As the provisional and final relief sought in each of these cases is identical, and any additional relief sought is likely to impact most or all of the Debtors, the Foreign Representative anticipates that most if not all motions, notices, hearings, orders and other papers filed in these cases will affect both of the Debtors.  Under these circumstances filing and maintaining separate lists under Bankruptcy Rule 1007(a)(4) would result in unnecessary confusion and wasteful duplication of effort and service.

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an order substantially in the form attached as **Exhibit A**: (i) directing the joint administration of these cases for procedural purposes only; (ii) authorizing the filing of a consolidated list pursuant to Bankruptcy Rule 1007(a)(4); and (iii) granting related relief.

Dated:  July 27, 2023
      Wilmington, Delaware

                                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                              */s/  Derek C. Abbott*
                                              Derek C. Abbott (No. 3367)
                                              Tamara K. Mann (No. 5643)
                                              1201 N. Market St., 16th Floor
                                              Wilmington, DE 19801
                                              Telephone: (302) 658-9200
                                              Facsimile:  (302) 658-3989
                                              dabbott@morrisnichols.com
                                              tmann@morrisnichols.com

                                              - and -

                                              MILLER THOMSON LLP
                                              Kyla Mahr (LSO# 44182G)
                                              Gina Rhodes (LSO# 78849U)

40 King Street West, Suite 5800
Toronto (Ontario), Canada M5H 3S1
Telephone: (416) 597-4303
kmahar@millerthomson.com
grhodes@millerthomson.com

*Counsel for the Foreign Representative*