# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 15 |
| Lighthouse Immersive Inc., *et al.* | Case No. 23-11021 (LSS) |
| Debtors in a Foreign Proceeding.[1] | Joint Administration Requested |

**ORDER GRANTING** ~~PROVISIONAL RECOGNITION OF FOREIGN PROCEEDING AND CERTAIN RELATED~~ **PROVISIONAL RELIEF UNDER SECTIONS 105(a), 362, 365, 1517, 1519, AND 1521 OF THE BANKRUPTCY CODE**



Upon the motion (the "Motion")[2] of Lighthouse Immersive Inc., solely in its capacity as authorized foreign representative of Lighthouse Immersive Inc. ("Lighthouse CA") and Lighthouse Immersive USA Inc. ("Lighthouse USA," and, with Lighthouse CA, the "Debtors"), and not in its personal or corporate capacity, for entry of provisional and final orders under sections 105(a), 362, 365, 1517, 1519, 1520 and 1521 of the Bankruptcy Code: (i) enforcing in the United States, on a provisional basis, the Initial Order, by applying sections 362, 365(e) and 1520(a) of the Bankruptcy Code in these chapter 15 cases on a provisional basis under sections 105(a), 1519(a) and 1521(a)(7) of the Bankruptcy Code, applying section 1519(a)(2) of the Bankruptcy Code on a provisional basis, and granting such other and further relief as this Court deems just and proper; and after notice and a hearing; (ii) on a final basis (a) granting the petitions in these cases and recognizing the Canadian Proceeding as a foreign main proceeding, or in the alternative, as a foreign nonmain proceeding, under section 1517 of the Bankruptcy Code, (b) giving full force and effect in the United States to the Initial Order, including any and all extensions, amendments and/or supplements thereto authorized by the

---

[1] The Debtors and the last four digits of its U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Lighthouse Immersive Inc. (9411) (Ontario Corporation No.) and Lighthouse Immersive USA Inc. (2401) (FEIN). The Debtors' mailing address is 640 Briar Hill Avenue, Toronto, Ontario, Canada, M5N 1N2.

[2] Capitalized terms not defined herein are defined in the Motion.

Canadian Court and extending the protections of the Initial Order to the Debtors in the United States on a final basis, (c) applying section 365 of the Bankruptcy Code in these chapter 15 cases on a final basis under section 1521 of the Bankruptcy Code, and (d) granting related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 109 and 1501, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2)(P); and the Foreign Representative having consented in its capacity as foreign representative to the Court's authority to enter a final order consistent with Article III of the U.S. Constitution; and venue being proper before this Court under 28 U.S.C. § 1410(1) and (3); and due and proper notice of the provisional relief sought in the Motion having been provided; and it appearing that no other or further notice need be provided; and upon the Ross Declaration, and the verified chapter 15 petitions, filed contemporaneously with the Motion, the record of the preliminary hearing on the Motion and the proceedings had before the Court; and the Court having found and determined that the provisional relief sought in the Motion is in the best interests of the Debtors, their creditors, and parties in interest, and is in the interest of international comity and not inconsistent with United States public policy, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

        A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy

Procedures (the "Bankruptcy Rules") made applicable to this proceeding under Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

C. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D. Venue of these cases is proper before this Court under 28 U.S.C. § 1410(1) and (3).

E. The Foreign Representative has demonstrated a substantial likelihood of success on the merits that (a) the Canadian Proceeding is a "foreign main proceeding" as that term is defined in section 1502(4) of the Bankruptcy Code, or in the alternative a "foreign nonmain proceeding" as that term is defined in section 1502(5) of the Bankruptcy Code, (b) the Foreign Representative is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, (c) all statutory elements for recognition of the Canadian Proceeding are satisfied in accordance with section 1517 of the Bankruptcy Code, (d) upon recognition of the Canadian Proceeding as a foreign main proceeding, section 362 of the Bankruptcy Code will automatically apply in these chapter 15 cases under section 1520(a)(1) of the Bankruptcy Code and the Foreign Representative will automatically have authority to operate the Debtors' businesses and exercise the rights and powers of a trustee under section 1520(a)(3) of the Bankruptcy Code, (e) upon recognition of the Canadian Proceeding as a foreign nonmain proceeding, the Court may apply sections 362 and 1520(a)(3) of the Bankruptcy Code to these

chapter 15 cases under section 1521(a)(7) and entrust the administration of the Debtors' assets within the United States to the Foreign Representative under section 1521(a)(5) of the Bankruptcy Code, and (f) that application of section 365(e) on a provisional basis to protect contracts with the Debtors is consistent with the injunctive relief afforded by the automatic stay under section 362.

        F.        The Foreign Representative has demonstrated that (a) the commencement or continuation of any proceeding or action in the United States against the Debtors and their business and all of their assets should be stayed under sections 105(a), 1519 and 1521 of the Bankruptcy Code, which protections, in each case, shall be coextensive with the provisions of section 362 of the Bankruptcy Code, to permit the fair and efficient administration of the Canadian Proceeding for the benefit of all stakeholders, and (b) the relief requested in the Motion will neither cause an undue hardship nor create any hardship to parties in interest that is not outweighed by the benefits of the relief granted herein.

        G.        The Foreign Representative has demonstrated that without the protection of sections 362 and 365(e) of the Bankruptcy Code, there is a material risk that counterparties to certain of the Debtors' contracts, creditors, or litigants may take the position that the commencement of the Canadian Proceeding or these chapter 15 cases allows them to terminate or refuse to perform under such contracts, take enforcement action, or continue litigation in the United States. Such actions would impair the Foreign Representative's liquidation efforts and result in irreparable damage to the value of the Debtors' assets and the efficacy of the Canadian Proceeding, and substantial harm to the Debtors' creditors and other parties in interest.

        H.        The Foreign Representative has demonstrated that absent the relief granted herein, there is a material risk that one or more parties in interest will take action against the

4

Debtors or their assets. As a result, the value of the Debtors' assets may suffer immediate and irreparable injury, loss, or damage for which there is no adequate remedy at law and therefore it is necessary that this Court grant the relief requested in the Motion without prior notice to parties in interest or their counsel. Further, unless this Order is entered, the Debtors' assets could be subject to efforts by creditors to control, possess, or execute upon such assets and such efforts could result in immediate and irreparable injury, loss or damage by, among other things, creditors (a) interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, and (b) interfering with or undermining the success of the Canadian Proceeding.

I.    The Foreign Representative has demonstrated that no injury will result to any party that is greater than the harm to the Debtors' business, assets, and property in the absence of the relief requested in the Motion.

J.    The Debtors' creditors will not suffer any significant harm by the requested provisional relief, as the relief will merely preserve the status quo during the short time necessary for the Court to rule on the verified chapter 15 petitions. The provisional relief sought will benefit the Debtors' creditors because it will ensure the value of the Debtors' assets are preserved, protected and maximized for the benefit of all creditors.

K.    The interests of the public and public policy of the United States will be served by entry of this Order.

L.    The Foreign Representative and the Debtors are entitled to the full protections and rights available under section 1519(a)(1)–(3) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The relief requested in the Motion is GRANTED as set forth herein.

5

~~2.     The Initial Order is hereby given full force and effect on a provisional~~ basis, including, without limitation, staying the commencement or continuation of any actions against the Debtors or their assets (except as otherwise expressly provided herein), and shall be ~~given full force and effect in the United States~~ until otherwise ordered by this Court. 

3.     While this Order is in effect, the Foreign Representative and the Debtors are entitled to the full protections and rights under section 1519(a)(1), which protections shall be coextensive with the provisions of section 362 of the Bankruptcy Code, and this Order shall operate as a stay of any execution against the Debtors' assets within the territorial jurisdiction of the United States (except as otherwise expressly provided herein).

4.     While this Order is in effect, under sections 1519(a) and 1521(a)(7) of the Bankruptcy Code, sections 362 and 365(e) of the Bankruptcy Code are hereby made applicable in this case to the Debtors and their property within the territorial jurisdiction of the United States. Specifically, all entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and its expressly authorized representatives and agents are hereby enjoined from:

a)  execution against any of the Debtors' assets;

b)  the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise against the Debtors in the United States;

c)  taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtors or any of their property;

d)  transferring, relinquishing, or disposing of any property of the Debtors to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative or its expressly authorized representatives and agents;

e)  commencing or continuing an individual action or proceeding concerning the Debtors' assets, rights, obligations, or liabilities; and

f)  terminating, modifying, ~~refusing to perform,~~ or otherwise *LSS* accelerating obligations or exercising remedies under any contract with any of the Debtors on the basis of (i) the insolvency or financial condition of the Debtors at any time before the closing of these cases; (ii) the commencement of the Canadian Proceeding, the entry of the Initial Order, or the commencement of these chapter 15 cases under this title; or (iii) the appointment of and taking possession by the Foreign Representative of the Debtors' assets and contracts;

*provided*, that in each case, the foregoing injunctions shall be effective solely within the territorial jurisdiction of the United States.

5.  While this Order is in effect, the Foreign Representative is entitled to operate the Debtors' businesses and administer their assets.

6.  Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed under section 362 of the Bankruptcy Code, or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

7.  Under Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to these proceedings under Bankruptcy Rule 7065, no notice to any person is required prior to entry and issuance of this Order. Under Bankruptcy Rule 7065, the provisions of Federal Rule of Civil Procedure 65(c) are hereby waived, to the extent applicable.

8.  The Foreign Representative and its respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

9.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7

10. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted under this Order in accordance with the Motion.

11. This Court shall conduct a hearing regarding the final relief sought by the Motion at _2:30 pm_ on _AUG 24_ 2023. Any objections to such relief shall be filed and served upon the Foreign Representative no later than 4:00 p.m. (ET) seven days before the hearing on _AUG 17, 2023_.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: Wilmington, Delaware
_JULY 28_, 2023
_9:26 am_

_____
UNITED STATES BANKRUPTCY JUDGE

8