IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 15 |
| Lighthouse Immersive Inc., *et al.*, | Case No. 23-11021 (LSS) |
| Debtors in a Foreign Proceeding.[1] | Joint Administration Requested |

**ORDER (I) SPECIFYING FORM AND MANNER OF SERVICE OF THE RECOGNITION HEARING NOTICE UNDER SECTIONS 105(a), 1514 AND 1515 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 9007, (II) SCHEDULING HEARING, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Lighthouse Immersive Inc., solely in its capacity as court-appointed authorized foreign representative ("Foreign Representative") of Lighthouse Immersive Inc. ("Lighthouse CA") and Lighthouse Immersive USA Inc. ("Lighthouse USA," and, with Lighthouse CA, the "Debtors"), and not in its personal or corporate capacity, for entry of an order under sections 105(a), 1514 and 1515 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), scheduling the Recognition Hearing and specifying the form and manner of service of the Recognition Hearing Notice, all as more fully described in the Motion; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2)(P); and a hearing having been held to consider the relief requested in the Motion; and upon the Ross

---

[1] The Debtors and the last four digits of its U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Lighthouse Immersive Inc. (9411) (Ontario Corporation No.) and Lighthouse Immersive USA Inc. (2401) (FEIN).  The Debtors' mailing address is 640 Briar Hill Avenue, Toronto, Ontario, Canada, M5N 1N2.

[2] Capitalized terms not defined in this Order are defined in the Motion.

Declaration filed contemporaneously with the Motion; and after due deliberation and good and sufficient cause appearing for approval of the Motion;

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is GRANTED as set forth herein.

2. The Court will hold a hearing on the relief requested by the Petitions and the Recognition Motion, including recognition of the Canadian Proceeding as a foreign main proceeding, or, in the alternative, a foreign nonmain proceeding, on August 24, 2023 at 2:30 p.m. (prevailing Eastern Time).

3. The Recognition Hearing Notice substantially in the form attached hereto as **<u>Exhibit 1</u>** is hereby approved.

4. Within three business days of entry of this Order (or as soon thereafter as is reasonably practicable), the Foreign Representative shall serve or cause to be served on the Notice Parties by mail copies of the Recognition Hearing Notice, along with copies of the Petitions, Provisional Order, and Recognition Motion (including the proposed Final Order).

5. Service of the Recognition Hearing Notice in accordance with this Order is approved as adequate and sufficient notice on all interested parties under the Bankruptcy Rules and the Bankruptcy Code.

6. Except as otherwise ordered by the Court, the Foreign Representative shall serve, or cause to be served, all papers filed by the Foreign Representative in these chapter 15 cases, for which notice or service is required by Court order, the Bankruptcy Code, or the Bankruptcy Rules, on the Master Service List by mail.

7. Responses or objections to the Petitions, recognition of the Canadian Proceeding as a foreign main proceeding or foreign nonmain proceeding, or the Recognition

Motion and the relief requested therein must (i) be in writing, (ii) detail the factual and legal bases for the response or objection, (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and (iv) be filed with the Office of the Clerk of the Court, 824 N. Market Street, Third Floor, Wilmington, Delaware 19801, and served upon the following counsel for the Foreign Representative so as to be received no later than 4:00 p.m. seven (7) days prior to the Recognition Hearing: (i) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Floor, P.O. Box 1347, Wilmington, Delaware 19801, Facsimile: (302) 658-3989, Attention: Derek C. Abbott (dabbott@morrisnichols.com) and Tamara K. Mann (tmann@morrisnichols.com); and (ii) Miller Thomson LLP, 40 King Street West, Suite 5800, Toronto (Ontario), M5H 3S1, Canada, Facsimile: (416) 595-8695, Attention: Kyla Mahar (kmahar@millerthomson.com) and Gina Rhodes (grhodes@millerthomson.com).

8. All notice requirements specified in section 1514(c) of the Bankruptcy Code, except as may be set forth herein, are hereby waived or otherwise deemed inapplicable to these cases.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Foreign Representative is authorized to take all actions and incur or pay all costs or expenses necessary to effectuate the relief granted under this Order in accordance with the Motion.

11. This Court shall retain jurisdiction with respect to any and all matters relating to the interpretation or implementation of this Order.

**Dated: July 28th, 2023**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE