## **<u>Exhibit A</u>**
Revised Proposed Final Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| Lighthouse Immersive Inc., *et al.* | Case No. 23-11021 (LSS) |
| Debtors in a Foreign Proceeding.[1] | Jointly Administered |
| | **RE D.I. 5, 10** |

**FINAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN
PROCEEDING AND CERTAIN RELATED RELIEF UNDER SECTIONS
105(a), 362, 365, 1517, 1519, 1520 AND 1521 OF BANKRUPTCY CODE**

Upon the motion (the "Motion")[2] of Lighthouse Immersive Inc., solely in its capacity as authorized foreign representative of Lighthouse Immersive Inc. ("Lighthouse CA") and Lighthouse Immersive USA Inc. ("Lighthouse USA," and, with Lighthouse CA, the "Debtors"), and not in its personal or corporate capacity, for entry of provisional and final orders under sections 105(a), 362, 365, 1517, 1519, 1520 and 1521 of the Bankruptcy Code: (i) enforcing in the United States, on a provisional basis, the Initial Order, by applying sections 362, 365(e) and 1520(a) of the Bankruptcy Code in the chapter 15 cases on a provisional basis under sections 105(a), 1519(a) and 1521(a)(7) of the Bankruptcy Code, applying section 1519(a)(2) of the Bankruptcy Code on a provisional basis and granting such other and further relief as this Court deems just and proper; and after notice and a hearing; (ii) on a final basis (a) granting the petitions in these cases and recognizing the Canadian Proceeding as a foreign main proceeding, or in the alternative, as a foreign nonmain proceeding, under section 1517 of the Bankruptcy Code, (b) giving full force and effect in the United States to the Initial Order, including any and

---

[1]     The Debtors and the last four digits of its U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Lighthouse Immersive Inc. (9411) (Ontario Corporation No.) and Lighthouse Immersive USA Inc. (2401) (FEIN).  The Debtors' mailing address is 640 Briar Hill Avenue, Toronto, Ontario, Canada, M5N 1N2.

[2]     Capitalized terms not defined herein are defined in the Motion.

all extensions, amendments and/or supplements thereto authorized by the Canadian Court and extending the protections of the Initial Order to the Debtors in the United States on a final basis, (c) applying section 365 of the Bankruptcy Code in these chapter 15 cases on a final basis under section 1521 of the Bankruptcy Code, and (d) granting related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 109 and 1501, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2)(P); and the Foreign Representative having consented in its capacity as foreign representative to the Court's authority to enter a final order consistent with Article III of the U.S. Constitution; and venue being proper before this Court under 28 U.S.C. § 1410(1) and (3); and due and proper notice of the provisional relief sought in the Motion having been provided; and it appearing that no other or further notice need be provided; and the opportunity for a hearing to consider the relief requested in the Motion having been provided; and upon the Ross Declaration, and the verified chapter 15 petitions, filed contemporaneously with the Motion, the record in support of the Motion and the chapter 15 petitions, and the proceedings had before the Court; and the Court having found and determined that the provisional relief sought in the Motion is in the best interests of the Debtors, their creditors, and parties in interest, and is in the interest of international comity and not inconsistent with United States public policy, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AND DETERMINES THAT**:

A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") made applicable to this proceeding under Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

C.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.      Venue of these cases is proper before this Court under 28 U.S.C. § 1410(1) and (3).

E.      The Canadian Proceeding is a "foreign proceeding" under section 101(23) of the Bankruptcy Code.

F.      The Foreign Representative is the duly appointed "foreign representative" of the Debtors within the meaning of section 101(24) of the Bankruptcy Code.

G.      These chapter 15 cases were properly commenced under sections 1504, 1509, and 1515 of the Bankruptcy Code.

H.      The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q).

I. The Canadian Proceeding is entitled to recognition by this Court under section 1517 of the Bankruptcy Code.

J. Canada is the center of main interests of the Debtors, and accordingly, the Canadian Proceeding is a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding under section 1517(b)(1) of the Bankruptcy Code.

K. The Foreign Representative is entitled to all the relief available under section 1520 of the Bankruptcy Code including, without limitation, application of the automatic stay under section 362 of the Bankruptcy Code and operation of the Debtors' business and exercise of the rights and powers of a trustee.

L. The Foreign Representative is further entitled to application of section 365 under section 1521 of the Bankruptcy Code.

M. The Foreign Representative has demonstrated that application of section 365 of the Bankruptcy Code, as made applicable by sections 105(a) and 1521(a)(7) of the Bankruptcy Code, is necessary to provide the ability to assume or reject a contract or compel a contract counterparty to perform under a contract and that, absent protections under section 365, there is a material risk that one or more of their contract counterparties may terminate agreements or discontinue performance on the incorrect assumption that it is not bound by any decision made in the Canadian Proceeding and any such termination or discontinuance of performance could impose severe economic consequences on the Debtors' estates and would interfere with liquidation efforts.

N.      The relief granted herein in necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted under sections 1517, 1520, and 1521 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      The relief requested by the verified chapter 15 petitions and the Motion is GRANTED as set forth herein.

2.      The Canadian Proceeding is granted recognition as a foreign main proceeding under section 1517 of the Bankruptcy Code.

3.      Subject to sections 1520 and 1521 of the Bankruptcy Code, the Canadian Proceeding and the Initial Order, including any extensions, amendments, or modifications thereto, are hereby recognized on a final basis and shall be granted comity and given full force and effect in the United States to the same extent that they are given effect in Canada, and each is binding on all creditors of the Debtors and any of their successors and assigns; provided, however, that any authorization to use, sell or lease property located in the United States outside the ordinary course of business must be approved by further order of this Court.

4.      All relief afforded foreign main proceedings under section 1520 of the Bankruptcy Code is hereby granted to the Canadian Proceeding, the Debtors, and the Foreign Representative as applicable.

5.      Sections 362 and 365 of the Bankruptcy Code shall hereby apply with respect to the Debtors and the property of the Debtors that is within the territorial jurisdiction of the United States.  All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and its authorized representatives and agents are hereby enjoined from:

a)     execution against any of the Debtors' assets;

b)     the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise against the Debtors in the United States;

c)     taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtors or any of their property;

d)     transferring, relinquishing, or disposing of any property of the Debtors to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative and its expressly authorized representatives and agents;

e)     commencing or continuing an individual action or proceeding concerning the Debtors' assets, rights, obligations, or liabilities; and

f)     terminating, modifying, or otherwise accelerating obligations or exercising remedies under any contract with any of the Debtors on the basis of (i) the insolvency or financial condition of the Debtors at any time before the closing of these cases; (ii) the commencement of the Canadian Proceeding, the entry of the Initial Order, or the commencement of these chapter 15 cases under this title; or (iii) the appointment of and taking possession by the Foreign Representative of the Debtors' assets and contracts;

*provided*, that in each case, the foregoing injunctions shall be effective solely within the territorial jurisdiction of the United States.

6.     Under section 1521(a)(6) of the Bankruptcy Code, all prior relief granted to the Debtors or the Foreign Representative by this Court under section 1519(a) of the Bankruptcy Code shall be extended and the Provisional Order shall remain in full force and effect, notwithstanding anything to the contrary contained therein.

7.     Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed under section 362 of the Bankruptcy Code,

or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

8.     The Foreign Representative and its agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

9.     Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     The Foreign Representative and its agents are authorized and empowered to take all actions necessary to effectuate the relief granted under this Order in accordance with the Motion.

11.     The Foreign Representative, the Debtors and/or each of their successors, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

12.     A copy of this Order, confirmed to be true and correct, shall be served, within three business days of entry of this Order, by mail, upon all persons or bodies authorized to administer foreign proceedings of the Debtors, all entities against whom provisional relief was granted under section 1519 of the Bankruptcy Code, all parties to litigation pending in the United States in which any of the Debtors were a party at the time of the filing of the verified chapter 15 petitions, the Office of the U.S. Trustee for the District of Delaware, and such other entities as this Court may direct.  Such service shall be good and sufficient service and adequate notice for present purpose.

13.    This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.