**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>Lighthouse Immersive Inc., *et al.*,<br><br>    Debtors in a Foreign Proceeding[1]. | ) Chapter 15<br>)<br>) Case No. 23-11021 (LSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Objection Deadline: 9/25/2023 at 4:00 p.m.**<br>  **Hearing Date: 10/2/2023 at 11:00 a.m.** |

**MOTION OF CITY NATIONAL BANK FOR RELIEF FROM THE AUTOMATIC STAY**

  City National Bank ("**CNB**" or "**Movant**"), by and through its undersigned counsel, hereby files its *Motion for Relief from the Automatic Stay* (the "**Motion**") for entry of an order, substantially in the form of the proposed order attached hereto as Exhibit A. In support of this Motion, Movant relies on the *Declaration of Valerie Moore in Support of the Motion of City National Bank for Relief from the Automatic Stay*, attached hereto as Exhibit B (the "**Moore Declaration**"), and respectfully states as follows:

**JURISDICTION AND VENUE**

  1. This United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (G) and (0).

  2. Venue in this district is proper under 28 U.S.C. §§ 1410(1) and (3).

---

[1] The Debtors and the last four digits of its U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Lighthouse Immersive Inc. (9411) (Ontario Corporation No.) and Lighthouse Immersive USA Inc. (2401) (FEIN). The Debtors' mailing address is 640 Briar Hill Avenue, Toronto, Ontario, Canada, M5N 1N2.

3. The statutory predicates for the relief requested herein are section 362(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), as well as Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**BACKGROUND**

4. On or about July 27, 2023, Lighthouse Immersive Inc. ("**Lighthouse CA**") and Lighthouse Immersive USA Inc. ("**Lighthouse USA**", and together with Lighthouse CA, the "**Debtors**") commenced proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act,* R.S.C. 1985, c. C-36, as amended (the "**CCAA**").

5. On July 27, 2023, Lighthouse CA, as foreign representative pursuant to the Canadian Proceedings (the "**Foreign Representative**"), filed petitions under chapter 15 of the Bankruptcy Code for recognition of the Canadian Proceeding, thereby commencing the Debtors' chapter 15 cases.

6. On July 28, 2023, this Court entered its *Order Granting Provisional Relief Under Sections 105(a), 362, 365, 1517, 1519, and 1521 of the Bankruptcy Code* [Docket No. 10] (the "**Provisional Relief Order**").

7. On August 28, 2023, this Court entered its *Final Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief Under Sections 105(A), 362, 365, 1517, 1519, 1520 and 1521 of the Bankruptcy Code* [Docket No. 20] (the "**Final Relief Order**").

8. The Debtors are in the business of producing immersive show exhibits in Canada, the United States, and various cities around the world, through their multiple affiliated entities and subsidiaries.

**I. The Security Agreement**

9. On or about October 25, 2021, Movant and Lighthouse USA entered into that certain security agreement (the "**Security Agreement**") under which Lighthouse USA granted

Movant a security interest in a savings account (the "**Deposit Account**") with a balance of $300,000, to secure payment of all of Lighthouse USA's indebtedness to Movant with respect to a secured credit card account (the "**Credit Card Account**"), with a cash limit of $300,000 to Lighthouse USA. True and correct copies of the Commercial Credit Card Agreement (the "**Credit Card Agreement**") and related Security Agreement are attached to the Moore Declaration as Exhibits 1 and 2, respectively.

10. The Credit Card Account is secured by collateral, defined in the Security Agreement as:

> Savings Account Number [], maintained by Lighthouse Immersive USA, Inc at City National Bank, New York Business Banking Branch, and all additions thereto, all substitutions therefor and all proceeds thereof.

(the "**Collateral**"). *See* Moore Declaration, Security Agreement, Ex. 2 at page 1 (Savings Account Number omitted).

11. Movant perfected its interest in the Collateral by obtaining control of the Deposit Account in accordance with New York law. *See* NY UCC §§ 9-314 and 9-104 (2022).

12. As of July 28, 2023, the balance on the Credit Card Account was $240,612.70. As of August 11, 2023, the balance had grown to $267,005.27 *before* accounting for reasonable attorneys' fees, recovery costs, and other legal expenses that Movant is entitled to pursuant to the Security Agreement. As a result, using a reasonable estimate for post-petition accrued interest, attorneys' fees, recovery costs, and other legal expenses of $40,000, Movant's claim exceeds the cash-secured threshold on the Credit Card Account of $300,000 by approximately $7,005.27. As stated above and further evidenced by the Moore Declaration, the Collateral has a limited cash value of $300,000.

90836207.3

13. Further, an event of default under the Security Agreement includes, but is not limited to: (1) Lighthouse USA's failure to pay when due any principal, interest, or other amount; (2) Lighthouse USA's failure to perform or observe any of the terms, provisions, covenants, agreements or obligations contained in the Security Agreement; and (3) if Movant, in good faith, deems itself insecure because the prospect of performance of any covenant or agreement in the Security Agreement is impaired. Pursuant to the Security Agreement, the available remedies for such an event of default include acceleration of Lighthouse USA's total indebtedness. *See* Moore Declaration, Security Agreement, Ex. 2 at section IV.1.

14. Accordingly, Movant seeks relief from the automatic stay of section 362 of the Bankruptcy Code because cause exists to modify the stay in this case, as there would be no prejudice to the Debtors, the Debtors have no equity in the Collateral, and the Collateral is not necessary to an effective reorganization.

## **REQUESTED RELIEF AND BASES THEREOF**

15. By this Motion, Movant seeks relief from the automatic stay of section 362(a) of the Bankruptcy Code to pursue its foreclosure remedies under applicable nonbankruptcy law with respect to the Collateral and to terminate the Credit Card Agreement.

### I. Movant is Entitled to Stay Relief Pursuant to Sections 362(d)(1) and (d)(2)

16. Movant asserts it is entitled to limited stay relief under both sections 362(d)(1) and (2) because cause exists to modify the stay, the Debtors lack equity in the Collateral, and the Collateral is not necessary to an effective reorganization.

### A. Cause Exists to Modify the Stay Pursuant to Section 362(d)(1)

17. First, the stay should be modified with respect to the Collateral for "cause" pursuant to 11 U.S.C. § 362(d)(1). Section 362(d)(1) of the Bankruptcy Code states:

4

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay. . . for cause, including the lack of adequate protection of an interest in property of such party in interest. 11 U.S.C. § 362(d)(1)

18. Though the statute indicates that "cause" includes lack of adequate protection, the term "cause" is not itself defined in the Code: whether "cause" exists to annul or modify the stay is determined on a case-by-case basis. *See e.g., In re Rexene Prods. Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing *Matter of Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991)). Furthermore, courts determine what constitutes "cause" based on the totality of the circumstances in each particular case and enjoy wide latitude in crafting relief from the automatic stay. *See Bladino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997); *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994). The legislative history of section 362 indicates that cause may be established by a single factor such as a desire to permit an action to proceed or "lack of any connection with or interference with the pending bankruptcy case." *In re Rexene*, 141 B.R. at 576 (citing H.R. rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977)).

19. Here, the facts and circumstances weigh in favor of granting Movant relief from the automatic stay. First, granting Movant relief to pursue the Collateral will not prejudice the Debtors nor the estate since the Debtors have no control over, or equity in, the Collateral. Second, Movant holds a properly perfected first priority security interest in the Collateral, which is maintained with Movant. Third, allowing Movant to exercise its nonbankruptcy law remedies with respect to the Collateral will not interfere with the bankruptcy case because the Collateral is not available for the Debtors' use in this case, regardless of whether Movant is granted relief from the stay.

20. Because cause exists to modify the stay under section 362(d)(1), Movant is entitled to the relief sought without further analysis. But Movant asserts it is also entitled to relief pursuant to section 362(d)(2).

**B. Even assuming Movant Cannot Satisfy Section 362(d)(1), the Stay Should be Modified Pursuant to Section 362(d)(2)**

21. Section 362(d)(2) provides that the court shall grant relief "with respect to a stay of an act against property under subsection (a) of this section if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2).

22. "The classic test for determining equity under section 362(d)(2) is a comparison between the total liens against the property and the property's current value." *See Nantucket Investors II v. California Fed. Bank (In re Indian Palms Assocs.),* 61 F.3d 197, 206 (3d Cir. 1995) (citations omitted). In this case, the calculation is simple, as the Collateral consists of $300,000 in the Deposit Account maintained with Movant, and Movant's claim exceeds the cash-secured threshold on the Credit Card Account of $300,000 by approximately $7,005.27. Therefore, the Debtor has no equity in the Collateral.

23. Moreover, the Collateral has been maintained in the Deposit Account with Movant since the Security Agreement was entered into and cannot be used to fund the Debtors' operations or restructuring proceedings, thus the Collateral cannot be necessary to an effective reorganization.

24. Accordingly, Movant is entitled to stay relief pursuant to either section 362(d)(1) or (d)(2).

25. Finally, considering the facts and circumstances detailed above, should the Court grant stay relief, Movant requests that the 14-day stay provided for by Bankruptcy Rule 4001(a)(3) be waived.

## NOTICE

26. CNB will provide notice of this Motion to: (i) the Debtors; (ii) The United States Trustee for the District of Delaware; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, CNB submits that no other or further notice is necessary.

**WHEREFORE**, Movant respectfully requests that the stay be modified to permit Movant to pursue its remedies under the Security Agreement and applicable nonbankruptcy law with respect to the Collateral and to terminate the Credit Card Agreement.

Dated: August 30, 2023
Wilmington, Delaware

**POLSINELLI PC**

*/s/ Michael V. DiPietro*
Michael V. DiPietro (Del. Bar No. 6781)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
mdipietro@polsinelli.com

*Counsel for City National Bank*