# **EXHIBIT 1**

**(Proposed Order)**

91453424.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Lighthouse Immersive Inc., *et al.*,<br><br>Debtors in a Foreign Proceeding[1]. | Chapter 15<br><br>Case No. 23-11021 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 21** |

### ORDER APPROVING STIPULATION BETWEEN THE DEBTORS AND CITY NATIONAL BANK GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the Stipulation Between the Debtors and City National Bank ("**CNB**") Granting Limited Relief from the Automatic Stay, attached hereto as **Exhibit A** (the "**Stipulation**")[2]; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1) The Stipulation and the terms set forth therein are APPROVED and shall have the full force and effect of an order by the Court with respect thereto.

2) The terms and conditions of this Order and the Stipulation shall be immediately effective and enforceable upon entry of this Order.

3) The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order and the Stipulation.

---

[1] The Debtors and the last four digits of its U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Lighthouse Immersive Inc. (9411) (Ontario Corporation No.) and Lighthouse Immersive USA Inc. (2401) (FEIN). The Debtors' mailing address is 640 Briar Hill Avenue, Toronto, Ontario, Canada, M5N 1N2.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Stipulation.

91445933.1

# **EXHIBIT A**

## **(Stipulation)**

91453424.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Lighthouse Immersive Inc., *et al.*,<br><br>Debtors in a Foreign Proceeding[1]. | ) Chapter 15<br>)<br>) Case No. 23-11021 (LSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: Docket No. 21** |

### STIPULATION BETWEEN THE DEBTORS AND CITY NATIONAL BANK GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation (the "**Stipulation**") is entered into by and between Lighthouse Immersive Inc., solely in its capacity as authorized foreign representative of Lighthouse Immersive Inc. ("**Lighthouse CA**") and Lighthouse Immersive USA Inc. ("**Lighthouse USA**," and, with Lighthouse CA, the "**Debtors**") and City National bank ("**CNB**," together with the Debtors, the "**Parties**"). The Parties hereby stipulate and agree as follows:

### RECITALS

**WHEREAS,** On or about July 27, 2023, the Debtors commenced proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act,* R.S.C. 1985, c. C-36, as amended (the "**CCAA**");

**WHEREAS**, On July 27, 2023, Lighthouse CA, as foreign representative pursuant to the Canadian Proceedings (the "**Foreign Representative**"), filed petitions under chapter 15 of the Bankruptcy Code for recognition of the Canadian Proceeding, thereby commencing the Debtors' chapter 15 cases;

---

[1] The Debtors and the last four digits of its U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Lighthouse Immersive Inc. (9411) (Ontario Corporation No.) and Lighthouse Immersive USA Inc. (2401) (FEIN). The Debtors' mailing address is 640 Briar Hill Avenue, Toronto, Ontario, Canada, M5N 1N2.

91446528.3

**WHEREAS,** On July 28, 2023, this Court entered its *Order Granting Provisional Relief Under Sections 105(a), 362, 365, 1517, 1519, and 1521 of the Bankruptcy Code* [Docket No. 10] (the "**Provisional Relief Order**"). And on August 28, 2023, this Court entered its *Final Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief Under Sections 105(A), 362, 365, 1517, 1519, 1520 and 1521 of the Bankruptcy Code* [Docket No. 20] (the "**Final Relief Order**");

**WHEREAS,** On or about October 25, 2021, Movant and Lighthouse USA entered into that certain security agreement (the "**Security Agreement**") under which Lighthouse USA granted Movant a security interest in a savings account (the "**Deposit Account**" or the "**Collateral**") with a balance of $300,000, to secure payment of all of Lighthouse USA's indebtedness to Movant with respect to a secured credit card account (the "**Credit Card Account**"), with a cash limit of $300,000 to Lighthouse USA pursuant to a Commercial Credit Card Agreement (the "**Credit Card Agreement**");

**WHEREAS,** on August 30, 2023, CNB filed its *Motion for Relief from the Automatic Stay* [Docket No. 21] (the "**Motion**"), whereby CNB seeks relief from the automatic stay of section 362(a) of the Bankruptcy Code to pursue its foreclosure remedies under applicable nonbankruptcy law with respect to the Collateral and to terminate the Credit Card Agreement;

**WHEREAS**, counsel to the Debtors and CNB have engaged in discussions and have agreed to relief from the automatic stay on a limited basis to allow the Debtors to continue using the Credit Card Account, subject to the terms set forth below.

**NOW THEREFORE, IT IS HEREBY STIPULATED, AND AGREED**, by and between the Parties through their undersigned counsel, that:

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2. This Stipulation shall be effective upon the date the Bankruptcy Court enters an order approving the Stipulation (the "**Agreement Effective Date**").

3. Upon entry of an order of the United States Bankruptcy Court for the District of Delaware (the "**Court**") approving this Stipulation (an "**Order**"), the automatic stay of section 362(a) of the Bankruptcy Code and the Final Relief Order shall be modified, effective as of the Agreement Effective Date, as necessary solely for the limited purpose of allowing the Debtors to continue using the Credit Card Account, *provided, however,* that the Debtors' use of the Credit Card Account shall be subject to a reserve of $60,000, corresponding to a total loan-to-value ratio of 80% of the $300,000 value of the Collateral.

4. In the event the Debtors default in making any of the payments pursuant to the Credit Card Agreement, CNB shall have the right to place an administrative hold on the Credit Card Account pending cure of such default. If the Debtors fail to cure said default within (3) business days of receiving notice from CNB of said default, then the Motion shall be deemed granted, and thereupon, the automatic stay of section 362(a) of the Bankruptcy Code and injunction pursuant to the Final Relief Order shall be modified and CNB shall be entitled to exercise its nonbankruptcy law rights with respect to the Collateral. For the avoidance of doubt, upon the occurrence of a default not cured in accordance with the terms of this Stipulation, CNB, solely at its discretion, shall be entitled to terminate the Credit Card Agreement or otherwise exercise all rights and remedies pursuant to the Credit Card Agreement.

5. Other than as set forth herein, the automatic stay of section 362(a) of the Bankruptcy Code and the Final Relief Order shall remain in full force and shall not be modified.

6.     Each of the undersigned represent that they are duly authorized and empowered to execute this Stipulation on behalf of their respective client(s).

7.     This Stipulation shall be governed by and construed in accordance with the law of the State of Delaware, without regard to its conflict of laws provisions.

8.     This Stipulation constitutes the sole agreement between the Parties regarding its subject matter.

9.     It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against any Party on account of such drafting.

10.    This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Party to be charged. Signatures affixed or transmitted electronically shall be deemed original and authentic.

11.    This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto.

12.    This Stipulation is subject to approval of the Court, and the Parties agree to promptly submit this Stipulation to the Court for approval.

13.    The Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Order.

14.    The Order is effective immediately upon entry.

15.    The relief granted herein shall be binding upon the Debtors, any subsequently appointed trustee, or any estate representative.

*[Signature page follows]*

5

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: October 13, 2023
       Wilmington, DE

| | |
|---|---|
| **POLSINELLI PC** | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** |
| /s/ *Michael V. DiPietro* | */s/ Tamara K. Mann* |
| Michael V. DiPietro (Del. Bar No. 6781) | Derek C. Abbott (No. 3367) |
| 222 Delaware Avenue, Suite 1101 | Tamara K. Mann (No. 5643) |
| Wilmington, Delaware 19801 | 1201 N. Market St., 16th Floor |
| Telephone: (302) 252-0920 | Wilmington, DE 19801 |
| Facsimile: (302) 252-0921 | Telephone: (302) 658-9200 |
| mdipietro@polsinelli.com | Facsimile: (302) 658-3989 |
| | dabbott@morrisnichols.com |
| *Counsel for City National Bank* | tmann@morrisnichols.com |
| | |
| | - and – |
| | |
| | **MILLER THOMSON LLP** |
| | Kyla Mahar (LSO# 44182G) |
| | Gina Rhodes (LSO# 78849U) |
| | 40 King Street West, Suite 5800 |
| | Toronto (Ontario), Canada M5H 3S1 |
| | Telephone: (416) 597-4303 |
| | kmahar@millerthomson.com |
| | grhodes@millerthomson.com |
| | |
| | *Counsel for the Foreign Representative* |