IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 15 |
| Lighthouse Immersive Inc., *et al.* | Case No. 23-11021 (LSS) |
| Debtors in a Foreign Proceeding.[1] | Jointly Administered |

**FOREIGN REPRESENTATIVE'S MOTION FOR AN ORDER
SHORTENING NOTICE OF MOTION OF THE FOREIGN
REPRESENTATIVE FOR ENTRY OF AN ORDER RECOGNIZING
AND ENFORCING (I) THE CCAA SISP ORDER,
(II) THE CCAA DIP INCREASE ORDER, (III) THE CCAA
SEALING ORDER, AND (IV) THE CCAA STAY EXTENSION ORDER**

Lighthouse Immersive Inc., in its capacity as foreign representative (the "Foreign Representative") to the above-captioned debtors (the "Debtors") in proceedings (the "Canadian Proceeding") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA"), pending before the Superior Court of Justice (Commercial List) in Ontario, Canada (the "Canadian Court"), hereby moves this Court (the "Motion") for entry of an order, substantially in the form annexed hereto as **Exhibit A**, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening notice to allow the *Motion of the Foreign Representative For Entry of an Order Recognizing and Enforcing (i) the CCAA SISP Order, (ii) the CCAA DIP Increase Order,*

---

[1] The Debtors and the last four digits of its U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Lighthouse Immersive Inc. (9411) (Ontario Corporation No.) and Lighthouse Immersive USA Inc. (2401) (FEIN). The Debtors' mailing address is 640 Briar Hill Avenue, Toronto, Ontario, Canada, M5N 1N2.

*(iii) the CCAA Sealing Order*, and *(iv) the CCAA Stay Extension Order* (the "Recognition Motion")² to be considered at a hearing at the Court's earliest convenience, subject to the Court's availability. In support of this Motion, the Foreign Representative respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and the Motion in this Court is proper under 28 U.S.C. § 1408.

2. The statutory basis for the relief requested herein is section 102(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

## BACKGROUND

3. On July 27, 2023, the Debtors commenced proceedings (the "Canadian Proceeding") under the CCAA in the Canadian Court.

4. On the same date, the Canadian Court issued an initial order (as amended and restated on August 3, 2023, the "Initial Order") that, among other things, granted a stay of proceedings against the Debtors. The Initial Order authorized Lighthouse Immersive Inc. to act as the foreign representative of the Debtors, and to grant the Foreign Representative authority to apply for recognition of the Canadian Proceeding in the United States. Additionally, under the Initial Order, B. Riley Farber Inc. (the "Monitor") was appointed as monitor of the Debtors in the Canadian Proceeding.

---

² Capitalized terms not defined herein shall have the meaning ascribed to them in the Recognition Motion.

5.  On July 27, 2023, the Foreign Representative filed petitions in this Court under chapter 15 of the Bankruptcy Code for recognition of the Canadian Proceeding as a foreign main proceeding, thereby commencing the Debtors' chapter 15 cases.

6.  On August 28, 2023, this Court entered a final order (D.I. 20) granting recognition of the Canadian Proceeding as a foreign main proceeding.

7.  Contemporaneously with this Motion, the Foreign Representative has filed the Recognition Motion, which respectfully requests the entry of an order (i) recognizing the CCAA SISP Order entered in the Canadian Proceeding on October 13, 2023, as amended on October 16, 2023, (ii) recognizing and enforcing the CCAA DIP Increase Order entered in the Canadian Proceeding on October 13, 2023, (iii) recognizing and enforcing the CCAA Sealing Order entered in the Canadian Proceeding on October 16, 2023, and (iv) recognizing and enforcing the CCAA Stay Extension Order on October 6, 2023.  The background and relief sought are set forth in greater detail in the Recognition Motion and the Second Monitor's Report (as supplemented) attached thereto and are incorporated herein by reference.

8.  The economic and market conditions that lead to the Debtors' filings have not improved and the Debtors have sustained continued operating losses on a weekly basis. Moreover, the Debtors have severe liquidity constraints and must run a thorough sale process on a condensed timeline in order to preserve the value of their assets and provide reassurance to employees and vendors that they will be able to emerge from their restructuring proceedings as a going-concern.

**RELIEF REQUESTED**

9.  By this Motion, the Foreign Representative seeks the entry of an order (a) shortening the notice period for the Recognition Motion to enable the Foreign Representative to present the Recognition Motion for consideration at the hearing scheduled **at the Court's earliest**

**convenience**, subject to the Court's availability, and (b) establishing an objection deadline for informal notice to the Foreign Representative with respect to the Recognition Motion of **Noon on the business day prior to the hearing**.

## BASIS FOR RELIEF REQUESTED

10. Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

11. The Foreign Representative requests that the Recognition Motion be heard on shortened notice in order to allow the Canadian sale process to move forward as soon as possible after approval by the Canadian Court. As set forth further in the Second Monitor's Report, the economic circumstances that led to the Debtors' filings have persisted, dictating the need for immediate approval in both the Canadian Court and this Court.

12. For these reasons, the Foreign Representative respectfully submits that allowing the Recognition Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

13. The Foreign Representative recognizes that the shortened notice requested is relatively brief and, accordingly, believe that any parties-in-interest should be able to present any and all objections at the hearing on the Recognition Motion. Nonetheless, the Foreign Representative requests that at least notice of any objection to the relief sought in this Motion or the Recognition Motion be conveyed via mail, e-mail or fax so as to be received on or before **Noon on the business day prior to the hearing** by counsel to the Foreign Representative: Miller Thomson LLP, Suite 5800, 40 King Street West, Toronto Ontario, M5H 3S1, Canada, Fax: (416) 595-8695, e-mail: kmahar@millerthomson.com and grhodes@millerthomson.com (Attention: Kyla Mahar and Gina Rhodes) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market

Street, Wilmington, Delaware 19801, Fax: (302) 658-3989, e-mail: dabbott@morrisnichols.com and tmann@morrisnichols.com (Attention: Derek C. Abbott and Tamara K. Mann). In this way, parties' rights are reserved but the Foreign Representative will be able to try to resolve any open issues in advance of the hearing.

## NOTICE

14. Notice of this Motion has been given by overnight delivery, email, or other comparable expedited delivery in accordance with the *Order (I) Specifying Form and Manner of Service of Notice of the Recognition Hearing Notice Under Sections 105(a), 1514 and 1515 of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007, and (II) Scheduling Hearing* (D.I. 11). In light of the nature of the relief requested, the Foreign Representative submits that no further notice is required.

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A,** (i) shortening notice of the Recognition Motion such that the Recognition Motion may be considered at a hearing scheduled to be convened by this Court **at the Court's earliest convenience** (ii) establishing **Noon on the business day prior to the hearing** as the time for giving informal notice of an objection to the Foreign Representative, and (iii) granting such other and further relief as is just and proper.

Dated: October 19, 2023
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3367)
Tamara K. Mann (No. 5643)
1201 N. Market St., 16th Floor
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@morrisnichols.com
tmann@morrisnichols.com

- and -

MILLER THOMSON LLP
Kyla Mahar
Gina Rhodes
40 King Street West, Suite 5800
Toronto Ontario
M5H 3S1, Canada
Telephone: (416) 595-8500
Facsimile: (416) 595-8695
kmahar@millerthomson.com
grhodes@millerthomson.com

*Counsel for the Foreign Representative*