# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 15 |
| ) | |
| Lighthouse Immersive Inc., *et al.*, ) | Case No. 23-11021 (LSS) |
| ) | |
| ) | Jointly Administered |
| Debtors in a Foreign Proceeding.[1] ) | |
| ) | **Re D.I. 27** |

### ORDER (I) RECOGNIZING AND ENFORCING
### (A) THE CCAA SISP ORDER, (B) THE CCAA DIP INCREASE ORDER,
### (C) THE CCAA SEALING ORDER AND (D) THE CCAA STAY
### EXTENSION ORDER AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of Lighthouse Immersive Inc., in its capacity as foreign representative (the "Foreign Representative") to the above-captioned debtors (the "Debtors"), for entry of an order under sections 105, 363, 1507, 1520, and 1521 of the Bankruptcy Code, (a) recognizing and enforcing the CCAA SISP Order, attached hereto as **Exhibit 1**, approving, among other things, (i) the Sales Procedures and (ii) the Debtors' entry into the Stalking Horse Purchase Agreement, (b) recognizing and enforcing the CCAA DIP Increase Order, attached hereto as **Exhibit 2**, (c) recognizing and enforcing the CCAA Sealing Order, attached hereto as **Exhibit 3**, (d) recognizing and enforcing the CCAA Stay Extension Order, attached hereto as **Exhibit 4**, and (e) granting such other relief as the Court deems just and proper, all as more fully set forth in the Motion; and upon the (a) *Declaration of Corey Ross in Support of (I) Chapter 15 Petitions for Recognition of Foreign Main Proceeding; (II) Motion of the Foreign Representative for Entry of Provisional and Final Relief in Aid of Foreign Main Proceeding; and (III) Certain*

---

[1] The Debtors and the last four digits of its U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Lighthouse Immersive Inc. (9411) (Ontario Corporation No.) and Lighthouse Immersive USA Inc. (2401) (FEIN). The Debtors' mailing address is 640 Briar Hill Avenue, Toronto, Ontario, Canada, M5N 1N2.

*Related Relief* (the "Ross Declaration"), (b) *Second Report of the Monitor*, (the "Second Monitor's Report"), and (c) *Supplemental Second Report of the Monitor* (the "Supplemental Second Report"); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 109 and 1501; and venue being proper before this Court pursuant to § 1410; and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and adequate and sufficient notice of the filing of the Motion having been given by the Foreign Representative; and it appearing that the relief requested in the Motion is necessary and beneficial to the Debtors; and this Court having held a hearing to consider the relief requested in the Motion; and there being no objections or other responses filed that have not been overruled, withdrawn, or otherwise resolved; and after due deliberation and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT**:

      A.    On October 6, 2023, the Canadian Court entered the CCAA Stay Extension Order. On October 13, 2023, the Canadian Court entered (i) the CCAA SISP Order, approving among other things, (a) the Sales Procedures and (b) the Debtors' entry into the Stalking Horse Purchase Agreement and (ii) the CCAA DIP Increase Order. On October 16, 2023, the Canadian Court entered the CCAA Sealing Order.

      B.    The relief granted hereby is necessary and appropriate to effectuate the objectives of chapter 15 of the Bankruptcy Code to protect the Debtors and the interests of their creditors and other parties in interest, is consistent with the laws of the United States, international comity, public policy, and the policies of the Bankruptcy Code, and will not cause any hardship to any party in interest that is not outweighed by the benefits of the relief granted because the parties in interest in these cases are sufficiently protected by the provisions in the CCAA Orders, and this Order.

C. Absent the requested relief, the efforts of the Debtors, the Canadian Court, and the Foreign Representative in conducting the Canadian Proceedings and effectuating the restructuring under Canadian law may be frustrated, a result contrary to the purposes of chapter 15 of the Bankruptcy Code.

D. Based on the affidavits of service filed with, and representations made to, this Court: (i) notice of the Motion was proper, timely, adequate, and sufficient under the circumstances of these chapter 15 cases and these proceedings and complied with the various applicable requirements of the Bankruptcy Code and the Bankruptcy Rules; and (ii) no other or further notice of the Motion, the Sale Hearing, the Sale, or the entry of this Order is necessary or shall be required.

E. All creditors and other parties in interest, including the Debtors, are sufficiently protected by the grant of relief ordered hereby.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is GRANTED.

2. The CCAA SISP Order is recognized in full and given full force and effect in the United States.

3. The Sales Procedures, including all deadlines and requirements therein as set forth in the CCAA SISP Order, are hereby fully recognized and given full force and effect in the United States, including as bidding procedures for the sale of assets and/or equity of the Debtors located in the territorial jurisdiction of the United States, and shall apply with respect to parties located in the United States.

4. The provisions of the CCAA SISP Order that authorized and approved the Debtors' entry into the Stalking Horse Purchase Agreement, on the terms set forth in the CCAA

SISP Order, is recognized by this Court and is enforceable within the territorial jurisdiction of the United States.

5. The Debtors and any party to the Stalking Horse Purchase Agreement may exercise the respective rights and remedies available to them under the Stalking Horse Purchase Agreement in the territorial jurisdiction of the United States, respectively and as applicable, in accordance with the terms thereof and the CCAA SISP Order, but only to the extent approved by the CCAA SISP Order.

6. The failure specifically to include any particular provision of the CCAA SISP Order in this Order shall not diminish or impair the effectiveness of such provision.

7. Nothing in this Order ratifies, approves, and/or recognizes the sale and/or vesting of any property pursuant to the Stalking Horse Purchase Agreement, and all rights, claims, objections, and interests of any interested party, at law or in equity, with respect to the proposed sale and vesting of property pursuant to the Stalking Horse Purchase Agreement or Successful Bid (as defined in the Sales Procedures) are not waived and are expressly preserved and may be asserted in the Canadian Proceedings in accordance with the applicable rules and procedures applicable in the Canadian Court.

8. The Sale Hearing shall be held in this Court on **December 4, 2023 at 10:30 a.m. (ET)**, unless otherwise determined by this Court. The Sale Hearing may be adjourned by the Foreign Representative, from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing, or by filing a hearing agenda or notice on the docket of the above-captioned cases.

9. The CCAA DIP Increase Order is recognized in full and given full force and effect in the United States.

10. The CCAA Sealing Order is recognized in full and given full force and effect in the United States.

11. The CCAA Stay Extension Order is recognized in full and given full force and effect in the United States.

12. All persons and entities subject to the jurisdiction of the United States are permanently enjoined and restrained from taking any actions inconsistent with, or interfering with the enforcement and implementation of, the CCAA Orders or any documents incorporated by the foregoing.

13. The Foreign Representative is authorized to take all actions it deems necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion and the CCAA Orders.

14. All objections to the entry of this Order that have not been withdrawn, waived, or settled, or otherwise resolved pursuant to the terms hereof, are denied and overruled on the merits, with prejudice.

15. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms of this Order shall be immediately effective and enforceable upon its entry.

16. Other than as explicitly set forth herein, this Court shall retain jurisdiction with respect to any and all matters, claims, rights, or disputes arising from or related to the implementation or interpretation of this Order.

**Dated: October 27th, 2023**
**Wilmington, Delaware**

*[Signature]*
**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**