**Exhibit A**

Court File No. CV-23-00703509-00CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

| | | |
|---|---|---|
| THE HONOURABLE | **)** | WEDNESDAY THE 22<sup></sup> |
| | **)** | |
| JUSTICE  CAVANAGH | **)** | DAY OF NOVEMBER, 2023 |
| | **)** | |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c.C-36 AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF LIGHTHOUSE IMMERSIVE INC. AND LIGHTHOUSE IMMERSIVE USA, INC.

**APPROVAL AND VESTING ORDER**

**THIS MOTION**, made by Lighthouse Immersive Inc. and Lighthouse Immersive USA, Inc., (the "**Applicants**") for an order, *inter alia*, (i) approving the sale transaction (the "**Transaction**") contemplated by a stalking horse agreement (the "**Stalking Horse Agreement**") among the Applicants, executed by B. Riley Farber Inc., in its capacity as court-approved Monitor of the Applicants (the "**Monitor**"), and SCS Finance, Inc. or its assignee (the "**Purchaser**") dated October 5, 2023 and appended to the third report the Monitor dated November ●, 2023 (the "**Third Report**"); (ii) vesting in the Purchaser the Vendors' right, title and interest in and to the assets described in the Stalking Horse Agreement (the "**Purchased Assets**"), free and clear from any Encumbrances, except for the Permitted Encumbrances; (iii) approving releases in favour of the (1) the current and former directors, officers, employees, legal counsel and advisors of the Applicants, (2) the Monitor and its legal counsel, and (3) the Purchaser, and its current and former

directors, officers, employees, legal counsel and advisors, was heard this day via Zoom videoconference.

ON READING the Motion Record of the Applicants dated November ●, 2023, the Third Report of the Monitor, and on hearing the submissions of counsel for the Applicants, counsel for the Monitor, counsel for the Purchaser, counsel for the shareholders of the Applicants, and counsel for ●, no one appearing for any other person on the service list, although properly served as appears from the affidavit of Alina Stoica sworn on November ●, 2023, filed,

**SERVICE AND DEFINITIONS**

1.      **THIS COURT ORDERS** that the time for service of the Notice of Motion and Motion Record is abridged and validated such that this Motion is properly returnable today, and further service of the Notice of Motion and the Motion Record is hereby dispensed with.

2.      **THIS COURT ORDERS** that capitalized terms used in this Approval and Vesting Order and not otherwise defined herein shall have the meaning ascribed to them under the Initial Order or the Stalking Horse Agreement.

3.      **THIS COURT ORDERS AND DECLARES** that the Stalking Horse Agreement and the Transaction is hereby approved, and the execution of the Stalking Horse Agreement is hereby authorized and approved, with such minor amendments, as the Monitor may deem necessary with the consent of the Purchaser. The Monitor is hereby authorized and directed to take such additional steps and execute such additional documents as may be necessary or desirable for the completion of the Transaction and for the conveyance of the Purchased Assets to the Purchaser.

4.      **THIS COURT ORDERS AND DECLARES** that upon the delivery of a Monitor's certificate to the Purchaser substantially in the form attached as Schedule A hereto (the "**Monitor's**

**Certificate**"), all of the Applicants' right, title and interest in and to the Purchased Assets described in the Stalking Horse Agreement shall vest absolutely in the Purchaser, free and clear of and from any and all security interests (whether contractual, statutory, or otherwise), hypothecs, mortgages, trusts or deemed trusts (whether contractual, statutory, or otherwise), liens, executions, levies, charges, or other financial or monetary claims, whether or not they have attached or been perfected, registered or filed and whether secured, unsecured or otherwise (collectively, the "**Claims**") including, without limiting the generality of the foregoing:  (i) any encumbrances or charges created by the Initial Order or any other Order of the Court in these CCAA Proceedings; (ii) all charges, security interests or claims evidenced by registrations pursuant to the *Personal Property Security Act* (Ontario) or any other personal property registry system in Canada or in the United States of America (all of which are collectively referred to as the "**Encumbrances**") and, for greater certainty, this Court orders that all of the Encumbrances affecting or relating to the Purchased Assets are hereby expunged and discharged as against the Purchased Assets.

5.      **THIS COURT ORDERS** that for the purposes of determining the nature and priority of Claims, the net proceeds from the sale of the Purchased Assets shall stand in the place and stead of the Purchased Assets, and that from and after the delivery of the Monitor's Certificate all Claims and Encumbrances shall attach to the net proceeds from the sale of the Purchased Assets with the same priority as they had with respect to the Purchased Assets immediately prior to the sale, as if the Purchased Assets had not been sold and remained in the possession or control of the person having that possession or control immediately prior to the sale.

6.      **THIS COURT ORDERS AND DIRECTS** the Monitor to file with the Court a copy of the Monitor's Certificate, forthwith after delivery thereof in connection with the Transaction.

7.      **THIS COURT ORDERS** that the Monitor may rely on written notice from the Applicants and the Purchaser regarding the fulfillment of conditions to closing under the Stalking Horse Agreement and shall have no liability with respect to delivery of the Monitor's Certificate.

8.      **THIS COURT ORDERS** that, pursuant to clause 7(3)(c) of the Canada *Personal Information Protection and Electronic Documents Act*, the Applicants or the Monitor, as the case may be, is authorized and permitted to disclose to the Purchaser all human resources and payroll information in the Applicants' records pertaining to the Applicants' employees, including the Transferred Employees.  The Purchaser shall maintain and protect the privacy of such information and shall be entitled to use the personal information provided to it in a manner which is in all material respects identical to the prior use of such information by the Applicants.

**RELEASES**

9.      **THIS COURT ORDERS** that effective upon the filing of the Monitor's Certificate, (A) the current and former directors, officers, employees, legal counsel and advisors of the Applicants; (B) the Monitor and its legal counsel; and (C) the Purchaser and its current and former directors, officers, employees, legal counsel and advisors (collectively, the "**Released Parties**") shall be deemed to be forever irrevocably released and discharged from any and all present and future claims (including without limitation, claims for contribution or indemnity), liabilities, indebtedness, demands, actions, causes of action, counterclaims, suits, damages, judgments, executions, recoupments, debts, sums of money, expenses, accounts, liens, taxes, recoveries, and obligations of any nature or kind whatsoever (whether direct or indirect, known or unknown, absolute or contingent, accrued or unaccrued, liquidated or unliquidated, matured or unmatured or due or not yet due, in law or equity and whether based in statute or otherwise) based in whole or in part on any act or omission, transaction, dealing or other occurrence existing or taking place

prior to the filing of the Monitor's Certificate (a) undertaken or completed pursuant to the terms of this Order, (b) arising in connection with or relating to the Stalking Horse Agreement or the completion of the Transaction, (c) arising in connection with or relating to these CCAA Proceedings, or (d) related to the management, operations or administration of the Applicants (collectively, the "**Released Claims**"), which Released Claims are hereby fully, finally, irrevocably and forever waived, discharged, released, cancelled and barred as against the Released Parties, provided that nothing in this paragraph shall waive, discharge, release, cancel or bar any claim that is not permitted to be released pursuant to section 5.1(2) of the CCAA.

10.    **THIS COURT ORDERS** that, notwithstanding:

(a)    the pendency of these proceedings;

(b)    any applications for a bankruptcy order now or hereafter issued pursuant to the *Bankruptcy and Insolvency Act* (Canada) ("**BIA**") in respect of the Applicants and any bankruptcy order issued pursuant to any such applications; and

(c)    any assignment in bankruptcy made in respect of the Applicants; or

the vesting of the Purchased Assets in the Purchaser pursuant to this Order shall be binding on any trustee in bankruptcy that may be appointed in respect of the Applicants and shall not be void or voidable by creditors of the Applicants, nor shall it constitute nor be deemed to be a fraudulent preference, assignment, fraudulent conveyance, transfer at undervalue, or other reviewable transaction under the BIA or any other applicable federal or provincial legislation, nor shall it constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal or provincial legislation.

**GENERAL**

11.      **THIS COURT ORDERS** that the Applicants or the Monitor may from time to time apply to this Court for advice and directions in the discharge of their powers and duties hereunder.

12.      **THIS COURT ORDERS** that the each of the Applicants and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and that the Monitor is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside of Canada.

13.      **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States to give effect to this Order and to assist the Applicants, the Monitor and their agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to either of the Applicants or Monitor in any foreign proceedings, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

14.      **THIS COURT ORDERS** that this Order is effective from the date that it is made and is enforceable without any need for entry and filing.

_____

**Schedule A – Form of Monitor's Certificate**

Court File No. CV-23-00703509-00CL

**ONTARIO
SUPERIOR COURT OF JUSTICE
COMMERCIAL LIST**

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985,
c.C-36 AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
LIGHTHOUSE IMMERSIVE INC. AND LIGHTHOUSE IMMERSIVE USA, INC.

**MONITOR'S CERTIFICATE**

**RECITALS**

A.  The Applicants commenced these proceedings under the *Companies' Creditors Arrangement Act* on July 27, 2023 (the "**CCAA Proceedings**").

B.  Pursuant to an Order of the Honourable Justice Kimmel of the Ontario Superior Court of Justice (the "**Court**") dated July 27, 2023, B. Riley Farber Inc. was appointed as the monitor (the "**Monitor**") of the Applicants in the CCAA Proceedings.

C.  Pursuant to an Approval and Vesting Order of the Court dated November 22, 2023 (the "**Approval and Vesting Order**"), the Court approved the transaction (the "**Transaction**") contemplated by the Stalking Horse Agreement (the "**Stalking Horse Agreement**") among the Monitor on behalf of the Applicants, and SCS Finance, Inc. (the "**Purchaser**") and provided for the vesting in the Purchaser of the Applicants' right, title and interest in and to the Purchased Assets, which vesting is to be effective with respect to the Purchased Assets upon the delivery by the Monitor to the Purchaser of a certificate confirming (i) the payment by the Purchaser of the Purchase Price for the Purchased Assets; (ii) that the conditions to Closing as set out in the Stalking Horse Agreement have been satisfied or waived by the Applicants and the Purchaser; and (iii) the Transaction has been completed to the satisfaction of the Monitor.

- 2 -

D. Capitalized terms used but not defined herein have the meanings ascribed to them in the Approval and Vesting Order.

**THE MONITOR CERTIFIES** the following:

1.      The Purchaser has paid and the Monitor and/or the Applicants have received the Purchase Price for the Purchased Assets payable on the Closing Date pursuant to the Stalking Horse Agreement;

2.      The conditions to Closing as set out in sections 9.1 and 9.2 of the Stalking Horse Agreement have been satisfied or waived by the Monitor and the Purchaser; and

3.      The Transaction has been completed to the satisfaction of the Monitor.

This Certificate was delivered by the Monitor at _____ on _____, 2023.

**B. Riley Farber Inc., in its capacity as Monitor of the undertaking, property and assets of Lighthouse Immersive Inc. and Lighthouse Immersive USA, Inc. and not in its personal capacity**

Per: _____

    Name:

    Title:

73421156.1

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c.C-36 AS AMENDED

Court File No. CV-23-00703509-00CL

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF LIGHTHOUSE IMMERSIVE INC. et al.

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**
Proceeding commenced at TORONTO

---

**APPROVAL AND VESTING ORDER**
(Dated November 22, 2023)

---

**MILLER THOMSON LLP**
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON Canada  M5H 3S1

**Kyla Mahar LSO#: 44182G**
kmahar@millerthomson.com
Tel: 416.597.4303

**Gina Rhodes LSO#: 78849U**
grhodes@millerthomson.com
Tel: 416.597.4321

Lawyers for the Applicants