```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE


IN RE:                            .  Chapter 15
                                  .  Case No. 23-11021 (LSS)
LIGHTHOUSE IMMERSIVE INC.,        .
et al.,                           .
                                  .  (Joint Administration Requested)
                                  .
                                  .  Courtroom No. 6
                                  .  824 North King Street
                                  .  Wilmington, Delaware 19801
      Debtors in a Foreign        .
      Proceeding.                 .  Friday, July 28, 2023
. . . . . . . . . . . . . . . . .    9:00 a.m.

                  TRANSCRIPT OF FIRST DAY HEARING
           BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN
                CHIEF UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

For the Debtors:          Derek Abbott, Esquire
                          MORRIS, NICHOLS, ARSHT
                            & TUNNELL LLP
                          1201 North Market Street
                          16th Floor
                          Wilmington, Delaware 19801

For SCS Finance:          Mark Felger, Esquire
                          COZEN O'CONNOR
                          1201 North Market Street
                          Wilmington, Delaware 19801


Audio Operator:           LaCrisha Harden, ECRO


Transcription Company:    Reliable
                          The Nemours Building
                          1007 N. Orange Street, Suite 110
                          Wilmington, Delaware 19801
                          Telephone: (302)654-8080
                          Email: gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1                              INDEX

2  MOTIONS:                                                    PAGE

3  Agenda
   Item 3: Motion of the Foreign Representative                  4
4          for Joint Administration of Chapter
           15 Cases and Related Relief
5          (D.I. 3, filed 7/27/23)

6          Court's Ruling:                                       5

7  Agenda
   Item 4: Motion of the Foreign Representative                  6
8          for Entry of an Order (I) Specifying
           Form and Manner of Service of the
9          Recognition Hearing Notice Under
           Sections 105(a), 1514 and 1515 of
10         Bankruptcy Code and Bankruptcy Rules
           2002 and 9007, (II) Scheduling Hearing,
11         and (III) Granting Related Relief
           (D.I. 4, filed 7/27/23)
12
           Court's Ruling:                                       7
13
   Agenda
14 Item 5: Motion of the Foreign Representative                  9
           for Entry of Provisional and Final
15         Orders Granting Recognition of Foreign
           Proceeding and Certain Related Relief
16         Under Sections 105(a), 362, 365, 1517,
           1519, 1520 and 1521 of the Bankruptcy
17         Code (D.I. 5, filed 7/27/23)

18         Court's Ruling:                                      12

19

20

21

22

23

24

25

```
 1        (Proceedings commenced at 9:02 a.m.)
 2             THE COURTROOM DEPUTY:  All rise.
 3             THE COURT:  Please be seated.  Good morning.
 4             MR. ABBOTT:  Good morning, Your Honor.  Derek
 5  Abbott of Morris Nichols here for the debtors.  First of all,
 6  I want to say thank you, Your Honor, for accommodating our
 7  schedule.
 8             The two Chapter 15 debtors, Your Honor, Lighthouse
 9  Immersive Inc., and Lighthouse Immersive USA Inc., filed CCAA
10  proceedings in Canada.  They have an interesting procedure up
11  there so I am not exactly sure when it was filed, but they
12  had their initial hearing before Justice Kimmel on the
13  commercial list up there yesterday afternoon at 12:30, which
14  is what delayed our getting this filed as promptly as we
15  would have liked to, Your Honor.
16             I am sure the Court has read Mr. Ross's
17  declaration, but in short, these two entities, along with
18  some affiliates and subsidiaries were engaged in what seems
19  to be, sort of, a novel and interesting performance art
20  combination, I'm not sure how to describe it other then has
21  Mr. Ross did in the declaration, Your Honor. It was
22  particularly important, I think, innovation during COVID and
23  I think allowed a lot of folks to escape the doldrums and the
24  four walls in which they were living during that period.
25  After the COVID restrictions lifted, as Your Honor saw in the
```

1 papers, it didn't have quite as much ring or as many sales
2 obviously.  So, that is what has led us here today.
3          The relief we are seeking today, Your Honor, I
4 think is fairly limited and fairly traditional in a Chapter
5 15 process.  The first motion, Your Honor, is a joint
6 administration motion. Again, not a substantive consolidation
7 motion, but just easing the Court's burden on the docket.
8 So, unless the Court has any questions, I would ask the Court
9 to approve the joint administration.
10          THE COURT:  I don't have any questions about the
11 motion, but let me ask this: You know, I granted the hearing
12 at 9 this morning because I was told that there is a 10
13 o'clock date in front of the Superior Court with respect to a
14 confessed judgment proceeding.
15          MR. ABBOTT:  That is correct, Your Honor.
16          THE COURT:  Otherwise, I would not have scheduled
17 a hearing on this short of a notice.  Do -- does the party in
18 that proceeding have notice that we are going forward this
19 morning?
20          MR. ABBOTT:  They do, Your Honor. We call that
21 party Impact. It was a counterparty to a settlement agreement
22 reached after an arbitration.  They are represented by
23 Richards Layton here in Delaware, Your Honor.  Travis Hunter
24 was the lawyer who, you know, sought the action in the
25 Superior Court.  We have been in communications and, frankly,

1  Your Honor, as you might expect, tried to resolve things
2  before we had to resort to the filing, but we were unable to
3  do that.
4       As soon as we had the hearing yesterday and got
5  the order in Canada, I let Mr. Hunter know. He is,
6  unfortunately, out of town today but his partner, Jeff Moyer,
7  has been in touch with my partner, Donna Culver.  They had
8  tried to reach the Superior -- we sent a suggestion of
9  bankruptcy yesterday and a letter to the Court.  They, Mr.
10 Moyer and Ms. Culver from my office, tried to reach Judge
11 Rennie's Chambers this morning before we came in. I think
12 they're probably doing that again as we speak.
13      So, while when we filed it we didn't know what
14 their position was going to be, it does seem like they may be
15 willing to take it off in light of the stay that was ordered
16 in Canada.  Nonetheless, we do think it's important to get
17 the relief we sought today, Your Honor.
18      THE COURT:  That's fine.  Well, I have reviewed
19 the papers that were filed.  Does anyone wish to be heard
20 with respect to the joint administration motion?
21    (No verbal response)
22      THE COURT:  I hear no one. I have reviewed it.  I
23 see no issues with the proposed form of order and I will
24 grant it.
25      MR. ABBOTT:  Thank you, Your Honor.  And I think

1 that has been uploaded to the Court's docket if I am not
2 mistaken.
3         THE COURT:  We will check with Ms. Batts before
4 you leave.
5         MR. ABBOTT:  Your Honor, the next motion is our
6 motion specifying the form and manner of service of notice of
7 the recognition hearing and setting that hearing.  Your
8 Honor, what we had hoped to do is mail notice to what we have
9 defined as the notice parties in the motion.  It's the folks
10 that you would expect that are identified in Chapter 15.  Its
11 parties authorized to administer foreign proceedings for the
12 applicants or the debtors in this case, parties against whom
13 provisional relief is being sought, litigation parties, the
14 Office of the United States Trustee, and any party requesting
15 notice.
16         Later service in the case, Your Honor, as the
17 order indicates, would include those parties as well as
18 anyone entering an appearance and parties whose rights may be
19 effected by later proposed relief.  We had hoped, Your Honor,
20 simply to mail notice to them within three days of the entry
21 of this order and ask the Court to schedule a hearing
22 sometime during the week of August 21st if possible, with
23 objections due one week before the hearing.
24         I think that is the sum and substance of that
25 motion, Your Honor.

1      THE COURT:  Does anyone wish to be heard with
2 respect to the scheduling and notice motion?
3      (No verbal response)
4      THE COURT:  I hear no one. I did notice in the --
5 that the notice parties include all known creditors and
6 contract counterparties in the United States.  That is
7 important. I am wrestling with some issues in Crystallex,
8 which was filed in 2011, and notice is one of those issues.
9 I would like to ensure that all parties entitled to notice
10 receive notice.
11      So, its very important to me that all creditors be
12 served. The issue there was equity holders.  Here, I
13 understand, from reading the filings, that we have three
14 equity holders and --
15      MR. ABBOTT:  We do have three equity holders and --
16 
17      THE COURT:  -- they're involved.
18      MR. ABBOTT:  -- two of them -- and maybe all three
19 of them are probably on Zoom today and are well aware of it.
20      THE COURT:  So, I am not concerned that they don't
21 have notice of what is going on.  To the extent, and I would
22 ask you to consider this between now and the final hearing,
23 that there is any other party, I can't think of it offhand
24 looking here, that needs to have notice of these procedures.
25 So, let's make sure we include them.  But having said that

1  and read this I believe that parties who have notice --
2  parties who need notice will have it.  I will approve this --
3  approve these procedures.
4          In terms of a date, I am in trial that week and,
5  quite frankly, the next.  What I thought, because I am going
6  to be taking a break for my 2:30 Chapter 7's on the 24th,
7  which is Thursday, and I will schedule you then at the 2:30
8  time in line with all my Chapter 7 cases which sometimes they
9  all go away and sometimes I have a few reaffirmation
10 hearings.  So, we will see what happens, but I will put you
11 there --
12          MR. ABBOTT:  Thank you, Your Honor.
13          THE COURT:  -- because I am going to have to break
14 anyway from the trial.  So that is --
15          MR. ABBOTT:  8/24 at 2:30.
16          THE COURT:  -- 8/24 at 2:30.
17          MR. ABBOTT:  Thank you, Your Honor.
18          THE COURT:  Obviously, if we end up in some
19 contested matter or somebody feels it's not an appropriate
20 date we will deal with it --
21          MR. ABBOTT:  We will adjust as necessary, Your
22 Honor.
23          THE COURT:  -- but we will schedule it there.  So
24 that date will need to be filled in, in the --
25          MR. ABOTT:  Ms. Mann will make sure that happens

1 and re-upload that order if it hasn't been already, Your
2 Honor.
3             Your Honor, the last motion is our motion for
4 recognition and for interim provisional relief.  What we are
5 seeking in this -- by this motion, Your Honor, is provisional
6 or interim enforcement of the initial order entered in Canada
7 setting a final hearing after notice, obviously, for that
8 relief.
9             With respect to the provisional relief, we seek,
10 Your Honor, its set forth in the motion but if Your Honor had
11 a chance to review the initial order in Canada there was
12 already quite a broad stay. Its not automatic in Canada, but
13 after a hearing the Court entered the initial order that
14 typically and, in this case, does contain both a stay against
15 proceedings against the company, but also a stay against
16 proceedings of officers, directors, and management as well as
17 a number of other provisions.  It's a comprehensive order;
18 let's leave it at that, Your Honor.
19             With respect to that provisional relief, Your
20 Honor, we have the burden of establishing a likelihood of
21 success on the merits.  Ultimately, immediate and irreparable
22 harm, that the balance of harms is in the favor of the
23 debtors here and that the public interest is served by entry
24 of the provisional order.
25             Your Honor, I would move into evidence Mr. Ross's

1  declaration and its attachment to his declaration entered in
2  the Canadian proceeding to give the Court the evidentiary
3  basis for that.  And while I think the evidence is spelled
4  out there well enough the likelihood of success on the
5  merits, we think is not subject to any meaningful challenge,
6  Your Honor.  This is one of a long series of Chapter 15 cases
7  ancillary to proceedings under the Canadian Companies
8  Creditors Arrangement Act, the CCAA, and so we think its well
9  settled that that recognition will be granted give the
10 attributes of that proceeding and how it comports with
11 Chapter 15.
12         With respect to immediate and irreparable harm,
13 Your Honor, the potential entry of a judgment, confession of
14 judgment, later this morning by the Superior Court, which may
15 or may not now be off the calendar, but nonetheless remains
16 outstanding, Your Honor, we think poses that immediate harm.
17 We don't believe, given that as Chapter 15 requires, the CCAA
18 is a collective proceeding for the adjustment of debts of
19 these two debtors that there will be any material harm to any
20 parties including the counterparty to that confession of
21 judgment by entry of this provisional relief, Your Honor.
22         Finally, we think the public interest is served as
23 it prevents a race to the courthouse and allows, again, as
24 Chapter 15 contemplates, a collective proceeding for the
25 adjustment of all debts in a centralized form.  In this

1 instance we believe the center or main interest is in Canada
2 for the reasons set forth in Mr. Ross's affidavit in support
3 of the CCAA action and, indeed the Canadian Court, I think,
4 opined on that and found that in its initial order as well as
5 the short recitation of the ties to Canada in his declaration
6 filed here.  So, we don't think there is any meaningful
7 challenge to the center of main interest in these cases in
8 any event.
9 　　　　　So, unless the Court has questions, I would ask
10 the Court to enter that order granting us provisional relief
11 and ultimately setting the stage for the final hearing.
12 　　　　　THE COURT:  Does anyone wish to be heard with the
13 request for provisional relief?  Mr. Felger.
14 　　　　　MR. FELGER:  Yes.  Good morning, Your Honor.  Mark
15 Felger of Cozen O'Connor on behalf of SCS Finance, the DIP
16 lender in these proceedings.  Also with me on the Zoom or on
17 the telephone is my partner, Steven Weisz, from our Toronto
18 office.
19 　　　　　I rise simply to say that we fully support the
20 relief requested in the recognition motion. It should come as
21 no surprise.  And also, to note that one of those Chapter 7
22 matters on the August 24th calendar is one of my cases and I
23 believe that will be taken off.
24 　　　　　THE COURT:  Thank you.
25 　　　　　MR. FELGER:  So, providing additional room for our

1 hearing on the 24th.

2     THE COURT: Okay. And the SCS, I believe, is the
3 DIP lender is an affiliated entity as I understand it.

4     MR. FELGER: Yes, it is, Your Honor.

5     THE COURT: Okay. Thank you.

6     I did review the papers and I also reviewed the
7 code, which I always have to do every time I get a Chapter 15
8 case because they are not filed as frequently, obviously, as
9 Chapter 11 cases are. In reading Section 1519, I think that,
10 as you have said, Mr. Abbott, the standard is an injunction
11 standard and you set out the standard well and its supported
12 by Mr. Ross's declaration in terms of the likelihood that a
13 recognition order would be entered as set forth in Section
14 1517 and those standards.

15     I do not see harm to other parties in the
16 provisional relief, but I want to talk to you about that, the
17 order. I do believe the potential entry of the confessed
18 judgment in the Superior Court this morning is harm to the
19 administration of the proceedings. So, I do think relief is
20 appropriate.

21     I reviewed the form of order and here is the
22 question I have, and I also looked back at another Chapter 15
23 case I had and this is somewhat informed again by the issues
24 that I am addressing in <u>Crystallex</u>. The order seeks
25 provisional recognition of the foreign proceeding and then

1  provisional relief.  I am making a distinction between the
2  two and looking at Section 1519 which tells me what relief
3  may be granted upon the filing of a petition for recognition.
4           I have no problems with one small exception with
5  the substantive relief that is being asked in terms of
6  applying the automatic stay to the case and the 365(e) relief
7  that is being sought.  I think I can grant that provisional
8  relief which is application of those two sections of the
9  code.
10          I note that the order is tailored with respect to
11 the 362 relief to exclude specifically and recognize that
12 certain 362(a) stay is not appropriate as set forth in
13 Section 1519.  So, I have no problem with that.
14          The concern I have is really just Paragraph 2,
15 giving everything and what you have indicated, I think,
16 correctly is a very broad initial order which approves DIP
17 financing, which approves a stay actually, as you said,
18 beyond just the debtors which puts liens on properties of the
19 two entities in Canada as well as non-debtor entities. So, it
20 does a lot of things.
21          I think granting Paragraphs 3 through the end,
22 again with one exception I will say in a moment, is what I
23 should order as provisional relief rather than provisionally
24 approving the recognition because I think even provisional
25 approval of the recognition -- provisional recognition of the

1 interim order kicks in a whole bunch of other sections of
2 what happens upon recognition.
3       MR. ABBOTT:  That is fair, Your Honor.
4 Fortunately, in this case I think to some extent we are
5 talking a little bit about a distinction without a
6 difference. I would suggest, and I believe, Your Honor, that
7 notwithstanding the lack of statutory authority in Section
8 1519 you may just have the authority just as a matter of
9 international comity.
10       That said, I think Paragraph 3 on give us what we
11 really need and in particular the automatic stay at 362.  So,
12 unless the Court wants to do it more carefully, I think we
13 could live with just striking Paragraph 2 in that order.
14       THE COURT:  So, that is what I am comfortable with
15 is striking Paragraph 2 and then I want to look at 4(f) which
16 is the 365 relief.  And the one -- and we went back and forth
17 with the code, and the one item terminating modifying,
18 refusing to perform or, otherwise, accelerating obligations.
19 The refusing to perform language I think is, at least,
20 debatable.
21       Most of that, the terminating, modifying,
22 accelerating obligations I think that comes from 365, but the
23 refusing to perform language is not in 365. I think its
24 arguably whether that is a violation of the stay or somebody
25 is just breaching a contract.  So, that is the only language

1 in all of the different sections which don't quite mirror the
2 code, but which I thought were close enough.
3     That one item, if you will, I wanted to talk
4 about. It may be that the Canadian Court has ordered that. I
5 am not sure I recall that.  I think --
6     MR. ABBOTT:  I believe it has in substance, Your
7 Honor; although, in fairness, it also has provisions that
8 don't require --
9     THE COURT:  Payment.
10     MR. ABBOTT:  -- somebody to extent credit, etc.
11     THE COURT:  Right.
12     MR. ABBOTT:  Look, I think it's a fair question
13 and, Your Honor, candidly, I'm comfortable striking the
14 refusing to perform language with the acknowledgement that if
15 we run into a situation we may be back before Your Honor
16 seeking some relief, appropriate relief, if we run into that
17 problem.
18     THE COURT:  Yes.  Okay.  With those two strikeouts
19 I am prepared to issue the order. As I said before, I think
20 it is -- that I have the evidentiary basis for it.  I think
21 it is provisional relief in the circumstances of these cases.
22 So --
23     MR. ABBOTT:  We will make those changes, Your
24 Honor, and upload the order immediately.  We would like to
25 get it entered before 10 just for form if nothing else.

1        THE COURT: Yes, I agree. So, we can -- you can
2 do that if you can do that right away or we can strike it out
3 and I can sign it here, however you would like it. If you
4 would rather have the clean order.
5        MR. ABBOTT: Well, Your Honor, mine is three-hole
6 punched and double-sided, but I have made those revisions. I
7 am happy to hand this up to the Court and if that is
8 acceptable to the Court.
9        THE COURT: That's fine.
10        MR. ABBOTT: May I approach, Your Honor?
11        THE COURT: You may. Okay. We set -- oh, this
12 has a time for this too.
13        MR. ABBOTT: Oh, Your Honor, I apologize, I did
14 not fill that out.
15        THE COURT: That's okay.
16        MR. ABBOTT: August 24th at 2:30. That would make
17 the objection deadline the 17th, Your Honor.
18        THE COURT: We will get that entered. That is
19 signed and also the date and time at 9:26 a.m.
20        MR. ABBOTT: Thanks very much, Your Honor. We do,
21 again, appreciate the Court hearing us on such expedited
22 basis. I don't know if this is going to be an active Chapter
23 15 of a less active Chapter 15, but time will tell, Your
24 Honor.
25        THE COURT: Yes, exactly. We never know with these

1  ones.
2          MR. ABBOTT:  Thank you, Your Honor.
3          THE COURT:  Okay.  Thank you.  We are adjourned.
4      (Proceedings concluded at 9:27 a.m.)

<u>CERTIFICATION</u>

1
2  I certify that the foregoing is a correct
3 transcript from the electronic sound recording of the
4 proceedings in the above-entitled matter to the best of my
5 knowledge and ability.
6
7 <u>/s/ William J. Garling</u>      <u>March 22, 2024</u>
8 William J. Garling, CET-543
9 Certified Court Transcriptionist
10 For Reliable